**Charles D. BAUM, Plaintiff-Appellant,**

v.

**STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION; Arapahoe Community College; and Nancy L. Goodwin, in her capacity as President of Arapahoe Community College and as an Individual, Defendants-Appellees.**

No. 85CA1472.

Colorado Court of Appeals, Div. I.

Jan. 30, 1986.

Skaalerud & Price, George C. Price, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Louis C. Whitsett, Asst. Atty. Gen., Denver, for defendants-appellees.

TURSI, Judge.

In this appeal of a judgment dismissing the action of plaintiff, Charles Baum, defendants, State Board for Community Colleges and Occupational Education, Arapahoe Community College, and Nancy L. Goodwin, have moved to dismiss the appeal. They contend that Baum failed to file a timely notice of appeal pursuant to C.A.R. 4(a) and failed to file a timely notice of intent to seek appellate review pursuant to § 24–4–106(9), C.R.S. (1982 Repl.Vol. 10). We dismiss the appeal.

The State Board upheld Baum's dismissal from his job at Arapahoe, and Baum sought review in the district court. *See* § 23–10–202(2)(d), C.R.S. (1985 Cum.Supp.). On March 21, 1985, the district court affirmed the Board and dismissed the action.

Thereafter, on April 5, 1985, Baum filed in the district court a "Motion for Reconsideration and Petition for Rehearing with Supporting Memo." A response was filed on April 24, but no further action was taken until September 19, 1985. Then, the district court denied the motion.

Baum filed a notice of intent to seek appellate review in the district court on October 21, 1985. He also filed a notice of appeal with this court on October 21.

The defendants contend that, pursuant to C.R.C.P. 59(j), the time for filing the notice of appeal commenced to run on June 4, 1985, and expired forty-five days later on July 19, 1985. Thus, they argue that the October 21 notice of appeal was untimely. We agree with this argument.

Review of the trial court's decision in this case must be conducted in accordance with § 24–4–106, C.R.S. *See* § 23–10–202(2)(d). Section 24–4–106(9) states that decisions "of the district court shall be subject to appellate review as may be permitted by law or the Colorado appellate rules."

C.A.R. 4(a) provides that the forty-five days for filing a notice of appeal "commences to run and is to be computed from the entry" of an order "granting or denying a motion under Rule 59, C.R.C.P." Effective January 1, 1985, C.R.C.P. 59(j) states that:

"The court shall determine any post-trial motion within 60 days of the date of the filing of the motion ... Any post-trial motion that has not been decided within the 60-day determination period shall, without further action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date."

Here, the trial court took no action with respect to Baum's post-trial motion within 60 days of April 5, 1985. Consequently, under C.R.C.P. 59(j), the motion was "deemed denied" on June 4. Pursuant to C.A.R. 4(a), a notice of appeal then became due on or before July 19, 1985. Baum's failure to file the notice within that time creates a jurisdictional defect in the

appeal which warrants dismissal. *See Collins v. Boulder Urban Renewal Authority,* 684 P.2d 952 (Colo.App.1984).

Baum's counsel seeks to avoid this result because the supplements to the Colorado Rules of Civil Procedure that were in his possession in April 1985 did not include the January amendments to C.R.C.P. 59. Even if we held that these facts created "excusable neglect" for filing a late notice of appeal, which we do not, we could afford no relief.

C.A.R. 4(a) restricts this court's authority to grant extensions of time for filing notices of appeal based upon excusable neglect to "thirty days from the expiration of the time otherwise prescribed." Thus, even if we were to extend the time for filing, the last possible date for filing a notice of appeal in this case would have been Monday, August 29, 1985. C.A.R. 26(a).

In light of our holding, we need not address the contention that the notice of intent to seek appellate review was untimely.

The appeal is dismissed.

PIERCE and BERMAN, JJ., concur.