Debora M. **BAUER**, Plaintiff-Appellee,

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, Defendant-Appellant.**

No. 86CA0437.

Colorado Court of Appeals,
Div. II.

July 10, 1986.

Richard E. Falcone, Colorado Springs, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

SMITH, Judge.

This driver's license revocation matter is before us for consideration of the response

of the Department of Revenue, (department) to this court's order to show cause. Upon consideration of the department's response, we conclude that the trial court acted beyond its jurisdiction in ruling on Deborah M. Bauer's motion for reconsideration. Because this judgment from which appeal is taken is void, we dismiss the appeal.

On December 5, 1985, the trial court affirmed the department's order of revocation of Bauer's driver's license. Thereafter, on December 13, 1985, Bauer filed a motion for reconsideration under C.R.C.P. 59. On March 5, 1985, more than 60 days after the motion had been filed, the trial court entered an order setting aside its affirmance of the revocation and remanded the case to the department for further proceedings.

The department initiated this appeal on March 27, 1986, seeking reversal of the trial court's March 5, 1986, ruling. On May 14, 1986, we issued an order to show cause why the appeal should not be dismissed with prejudice for the reason that on March 5, 1986, the trial court was without jurisdiction to rule on plaintiff's C.R. C.P. 59 motion, and that, therefore, the department's appeal was from a favorable judgment.

Bauer failed to respond to the order to show cause. In its response, the department simply stated that it was unsure as to whether the trial court had had jurisdiction to issue its March 5, 1986, order; therefore, in order to avoid compliance with an unfavorable judgment or to escape contempt proceedings for noncompliance, it appealed.

Pursuant to C.R.C.P. 59(j), a trial court must rule on a post-trial motion within 60 days of its filing. If the trial court fails to do so, the motion is deemed denied, the trial court cannot thereafter act on the motion, and the time in which to commence an appeal begins to run. *See* C.R.C.P. 59; C.A.R. 4; *Baum v. State Board for Community Colleges,* 715 P.2d 346 (Colo.App. 1986).

Under the circumstances present here, Bauer's motion for reconsideration was deemed denied under C.R.C.P. 59(j) on February 11, 1986. At that time, the trial court's December 5, 1985, order affirming the revocation of Bauer's driver's license became final, the trial court's authority to act on the motion terminated, and the time in which to commence an appeal began to run. No notice of appeal has been filed with respect to the December 5, 1985, order.

Accordingly, the trial court's March 5, 1986, judgment is void, and the appeal of that judgment is dismissed with prejudice.

VAN CISE and BABCOCK, JJ., concur.