Donald L. **ANDERSON**,
**Plaintiff-Appellee,**

v.

Victor D. **MOLITOR** and **Molitor Industries, Inc., Defendants-Appellants.**

No. 87CA0003.

Colorado Court of Appeals,
Div. III.

Feb. 5, 1987.

Rehearing Denied March 5, 1987.

Certiorari Denied (Molitor) June 15, 1987.

Netzorg & McKeever, P.C., Gordon W. Netzorg, J. Nicholas McKeever, Jr., Denver, for plaintiff-appellee.

Dickinson, Herrick-Stare & Hibschweiler, P.C., Gilbert A. Dickinson, Denver, for defendants-appellants.

VAN CISE, Judge.

Plaintiff, Donald L. Anderson, has moved for dismissal for lack of jurisdiction. We grant the motion and dismiss the appeal.

Judgment was entered in favor of plaintiff and against defendants, Victor D. Molitor and Molitor Industries, Inc., on July 10, 1986, and the trial court granted defendants extensions of time until August 7, 1986, in which to file any motions for post-trial relief. Defendants timely filed various motions for post-trial relief on August 7, 1986.

■ Although the trial court denied these motions on November 17, 1986, we hold that, pursuant to C.R.C.P. 59(j), these motions were deemed denied by operation of law on October 6, 1986, without further action by the trial court. Therefore, the notice of appeal became due on or before November 20, 1986, and defendants' notice of appeal, filed January 2, 1987, was not timely. *See* C.R.C.P. 59(j); C.A.R. 4(a); *Baum v. State Board for Community Colleges & Occupational Education,* 715 P.2d 346 (Colo.App.1986).

■ Within 60 days of the date of filing of these motions, the trial court granted various motions for extensions of time for the filing of briefs and also indicated a desire for oral argument. Contrary to defendants' argument, however, these actions did not operate to modify the 60–day deadline for the trial court's determination of these motions under C.R.C.P. 59(j). *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987). Moreover, the "unique circumstances" doctrine of *Converse v. Zinke,* 635 P.2d 882 (Colo.1981) is inapplicable here, and cannot modify the time for determination of a post-trial motion under C.R.C.P. 59(j). *See Canton Oil Corp. v. District Court, supra.*

■ In addition, this court's authority to grant extensions of time for filing notices of appeal based on excusable neglect is limited to 30 days from the expiration of the time otherwise prescribed. C.A.R. 4(a). Thus, even if such an extension were granted in this case, the last possible date for filing the notice of appeal here would have

been Monday, December 22, 1986. C.A.R. 26(a).

Therefore, this appeal is dismissed with prejudice for failure to file a timely notice of appeal.

CRISWELL, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent. Where, as here, the trial court took steps indicating it would act on post-trial motions, it is fundamentally unfair to apply C.R.C.P. 59(j) strictly. Counsel could reasonably have "rested on his oars" in reliance on the actions of the trial court in granting motions for extension of time to file briefs, and in indicating oral argument on the post-trial motions would be held. The appellants should not be denied their right to appeal on these facts.

I would deny the motion to dismiss.