Anne J. SANDOVAL, Plaintiff–Appellee,

v.

TRINIDAD AREA HEALTH ASSOCIATION, INC., Defendant–Appellant.

No. 86CA1395.

Colorado Court of Appeals, Div. II.

Feb. 4, 1988.

---

Luis A. Lopez, Trinidad, for plaintiff-appellee.

Saunders, Snyder, Ross & Dickson, P.C., Melvin B. Sabey, Deborah E. Smith, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Trinidad Area Health Association, Inc., appeals an order of the trial court denying its request for attorney fees. Plaintiff, Anne J. Sandoval, asserts that this court is without jurisdiction to review the matter. We agree with plaintiff and dismiss the appeal.

On December 16, 1985, defendant filed a motion to alter and amend the trial court's denial of its request for attorney fees. After the trial court failed to rule on the motion within the 60–day time period set forth in C.R.C.P. 59(j), defendant filed a motion pursuant to C.R.C.P. 60 seeking relief from the automatic denial of its motion to alter and amend the judgment.

On August 13, 1986, the trial court granted defendant's C.R.C.P. 60 motion finding that the presiding judge was a senior judge who had not been notified of the filing of the motion to alter and amend judgment and that, therefore, "defense counsel [who] did everything that could be expected in trying to follow the progress of the motion ... should not be held to account for a mistake that was beyond [his] control." The trial court then denied the motion to alter and amend the judgment, and this appeal followed.

In support of the underlying judgment, plaintiff contends that the trial court erred in granting defendant's C.R.C.P. 60 motion

and in ruling on the motion to alter and amend judgment outside the 60–day time period set forth in C.R.C.P. 59(j). We agree.

Generally, a C.R.C.P. 60 motion cannot be used to circumvent the operation of C.R.C.P. 59(j). *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987). The sole exception to this rule occurs when the facts of a case constitute an "extreme situation" warranting relief from judgment under C.R.C.P. 60(b)(5). *Canton Oil Corp. v. District Court, supra.* The "unique circumstances" doctrine enunciated in *Converse v. Zinke,* 635 P.2d 882 (Colo.1981) is unavailable to a party seeking to modify the time for determination of a post-trial motion under C.R.C.P. 59(j), *see Canton Oil Corp. v. District Court, supra; Anderson v. Molitor,* 738 P.2d 402 (Colo. App.1987), and excusable neglect does not constitute grounds for relief from the operation of C.R.C.P. 59(j). *See Baum v. State Board for Community Colleges,* 715 P.2d 346 (Colo.App.1986).

Here, the repeated assurances of the clerk of the trial court that defendant's motion to alter and amend the judgment had been forwarded to the presiding judge do not give rise to an extreme factual situation allowing relief under C.R.C.P. 60(b)(5) or constitute "further action" by the trial court. *See Canton Oil Corp. v. District Court, supra.* Furthermore, defense counsel's reliance on the clerk's assurances is not excusable neglect, nor does it permit application of the "unique circumstances" doctrine. *See Canton Oil Corp. v. District Court, supra; Anderson v. Molitor, supra; Baum v. State Board for Community Colleges, supra.* Thus, the trial court erred in granting defendant's C.R.C.P. 60 motion and in determining that it retained jurisdiction to rule on the motion to alter and amend judgment. *See* C.R.C.P. 59(j); *Canton Oil Corp. v. District Court, supra; Anderson v. Molitor, supra.*

Accordingly, the trial court's ruling on the motion to alter and amend the judg-

ment is void, *see Bauer v. State,* 724 P.2d 681 (Colo.App.1986), and defendant's motion to alter and amend the judgment was deemed denied on February 14, 1986. Therefore, defendant's notice of appeal filed on September 19, 1986, was not timely, and that defect prevents prosecution of this appeal.

The appeal is dismissed with prejudice.

SMITH and PLANK, JJ., concur.