Judy A. MICHALSKI, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Director, Division of Labor, Department of Labor and Employment; San Luis Valley Boces, Transportation Insurance Company; Cynthia Lambert; Sandra K. Lambert; and Patricia Lambert for Randall T. Lambert, Jr., Respondents.

No. 87CA1675.

Colorado Court of Appeals, Div. IV.

June 16, 1988.

Dawes and Crane, P.C., Robert C. Dawes, Durango, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Krikscium, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office, Director, Div. of Labor, Dept. of Labor and Employment.

James R. Clifton & Associates, P.C., Pamela J. Adams, Denver, for respondents San Luis Boces and Transp. Ins. Co.

Candelaria & Spitzer, Daniel G. Spitzer, Durango, for respondents Cynthia Lambert, Sandra K. Lambert and Patricia Lambert for Randall T. Lambert, Jr.

JONES, Judge.

In this workmen's compensation proceeding, the question before us is whether the Industrial Claim Appeals Office (Panel) erred in concluding that it lacked jurisdiction to consider a petition for review filed by Judy A. Michalski (claimant). We set aside the order and remand with directions.

This case arose out of the death of claimant's husband, Randall T. Lambert (decedent). At the time of his death claimant lived apart from decedent and supported herself. On February 24, 1987, a hearing officer determined that, while decedent's three children from a previous marriage were his dependents and entitled to workmen's compensation benefits upon his death, claimant was not decedent's dependent and was, therefore, ineligible to receive such benefits.

Claimant timely filed a petition for review of the order which denied benefits to her. In addition, decedent's employer timely filed a second petition concerning review of that portion of the order concerning the amount of funeral expenses it was required to pay.

On July 2, 1987, the hearing officer entered a supplemental order which addressed and altered only the findings concerning funeral expenses. Thereafter, claimant did not file a second petition for review.

On August 2, 1987, the hearing officer forwarded the file to the Panel for further review, apparently pursuant to § 8–53–111(3), C.R.S. (1986 Repl.Vol. 3B). Section 8–53–111(3), in effect at the time in question, states as follows:

"When the record upon which a petition to review has been filed is complete, the parties shall be notified in writing. The petitioner shall have twenty days after the date of the certificate of mailing of the notice to file a brief in support of the petition. The opposing parties shall have twenty days after the date of the certificate of mailing of the petitioner's brief to file briefs in opposition thereto. After the briefs are filed or the time for filing has run, the director or hearing officer shall have thirty days to enter a supplemental order or transmit the file to the industrial claim appeals office for review."

On October 23, 1987, the Panel issued its final order which concluded that since claimant did not file a petition for review of the supplemental order pursuant to § 8–53–111(5), C.R.S. (1986 Repl.Vol. 3B), it lacked jurisdiction to review the February 24, 1987 order. We disagree with the Panel's reasoning.

Section 8–53–111(5) provides that a party dissatisfied with a supplemental order may file a petition for review by the Panel, and sets forth procedures and time limits for doing so. Under the facts of this case, to require a second petition for review from claimant would have been duplicative and superfluous.

The hearing officer's supplemental order granted the employer's petition but, as to claimant's petition, declined to take action. The supplemental order did not respond to claimant's complaints and, therefore, left the issues raised in her petition for review unresolved. For all practical purposes, this action was tantamount to issuing no supplemental order in claimant's case, contrary to the requirement § 8–53–111(3).

We hold that § 8–53–111(3) contemplates that the hearing officer will either take some affirmative action or forward the file to the Panel within thirty days after briefs are filed or the time for filing has run. Therefore, having elected not to "supplement" his order concerning claimant, the hearing officer should have forwarded the file to the Panel.

We see no reason why claimant should be required to file a second petition under these facts. Had the hearing officer addressed claimant's contentions, claimant's subsequent inaction could reasonably be construed as satisfaction with the supplemental resolution, and an election not to pursue the matter further. Here, because the supplemental order did not address claimant's contentions, her petition for review remained pending. *Cf. El Paso County School District v. Bunger,* 713 P.2d 935 (Colo.App.1985).

We find *Nelson v. King Soopers, Inc.,* 703 P.2d 1338 (Colo.App.1985) inapposite. In that case, the cross-petitioner failed to seek review of the challenged order until review was sought in this court. We held that review must have been sought within twenty days of the supplemental order. However, there the supplemental order was the first action which permitted review of the challenged benefits.

Here, in contrast, claimant timely sought review of the hearing officer's original order denying her dependency benefits. This petition for review remains unresolved. The supplemental order did not affect claimant as it made no supplemental findings concerning her. The file should therefore have been forwarded to the Panel for its review.

Because of our disposition of this issue, we need not consider claimant's alternative contention.

The order is set aside and the cause is remanded to the Panel for consideration of claimant's petition for review.

BABCOCK and CRISWELL, JJ., concur.