**HILLEBRAND CONSTRUCTION COMPANY and State Compensation Insurance Authority, Petitioners,**

v.

**Keith WORF, The Industrial Claim Appeals Office of the State of Colorado and Director, Division of Labor, Respondents.**

**No. 88CA1270.**

Colorado Court of Appeals, Division C.

April 13, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Paul Tochtrop, Denver, for petitioners Hillebrand Const. Co. and State Compensation Ins. Authority.

Kavanaugh, Sanford & Celeste, Kathleen T. Kavanaugh, Denver, for respondent Keith Worf.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David L. Saine, Asst. Atty. Gen., Denver, for respondents Indust. Claim Appeals Office and Director, Div. of Labor.

ENOCH,* Judge.

Hillebrand Construction Company and the State Compensation Insurance Authority (petitioners) seek review of a final order of the Industrial Claim Appeals Office (Panel) which determined that there was no jurisdictional defect in a supplemental order entered by an Administrative Law Judge (ALJ) after the thirty-day time limit imposed by § 8–53–111(3), C.R.S. (1988 Cum.Supp.). We set aside the Panel's order.

On May 11, 1987, the ALJ entered an order awarding Keith Worf (claimant) $10,-111.90 in permanent partial disability benefits. Claimant timely filed a petition to review alleging he was entitled to greater benefits, and both parties submitted briefs on the issue. The last brief was filed on November 3, 1987.

Thereafter, no action was taken on the petition until April 14, 1988, when the ALJ entered a supplemental order awarding claimant maximum permanent partial disability benefits. Petitioners protested this order, arguing that, inasmuch as it was entered beyond the time permitted by § 8–53–111(3), it was jurisdictionally defective. However, the Panel concluded that the time limitation of § 8–53–111(3) was not jurisdictional in nature and that, therefore, the supplemental order was valid. We disagree with this conclusion.

Section 8–53–111(3) provides that when all briefs have been filed or the time for filing briefs has expired, the ALJ shall have thirty days to enter a supplemental order or transmit the file to the Panel for its review. The term "shall" as used in this statute connotes a mandatory requirement which is jurisdictional in nature. *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987); *Sanchez v. Straight Creek Constructors,* 41 Colo.App. 19, 580 P.2d 827 (1978).

We are unpersuaded by the Panel's reasoning that the time requirement is not jurisdictional because there is no language in § 8–53–111(3) similar to that in § 8–53–111(9), C.R.S. (1988 Cum.Supp.) declaring the finality of an order if no action is taken within the stated time period. No such language is applicable to § 8–53–111(3). It appears to us that the General Assembly intended that the ALJ's order *not* automatically become final if a petition for review is timely filed and no action is taken within thirty days. Rather, in such a case, the General Assembly has provided for automatic review by the Panel and, by so doing, has eliminated the necessity that a dissatisfied party take further action. *See Michalski v. Industrial Claim*

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

*Appeals Office*, 757 P.2d 1146 (Colo.App. 1988). Thus, language providing for automatic finality would be inappropriate.

In our view, § 8–53–111(3) sufficiently indicates that the ALJ's authority to enter supplemental orders is not perpetual, and that an ALJ must enter a supplemental order within the designated thirty days or lose jurisdiction to do so. In this respect, we perceive § 8–53–111(3) as being comparable to § 8–53–111(9). Both statutes provide for the contingency of what should occur if the time limits are not met. In the case of § 8–53–111(3), the file is to be transmitted to the Panel. *Michalski v. Industrial Claim Appeals Office, supra.* Thus, the order entered by the ALJ after the thirty days had run is void. *See Bauer v. State, Dept. of Revenue*, 724 P.2d 681 (Colo.App.1986).

The order is set aside and the cause is remanded to the Panel with directions to consider immediately the merits of claimant's petition for review.

STERNBERG and SILVERSTEIN, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).