Roy E. **CAMPBELL**, Jr., Petitioner,

v.

Scott A. **McGILL**, Respondent.

No. 89SC505.

Supreme Court of Colorado,
En Banc.

April 8, 1991.

Rehearing Denied May 20, 1991.

George C. Price, Denver, for petitioner.

McGill Professional Law Corp., Michael D. Lavery, Steamboat Springs, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

On July 21, 1989, the Court of Appeals entered an order dismissing the case of *Roy E. Campbell, Jr. v. Scott A. McGill,* Court of Appeals No. 89CA0778, on the ground that a notice of appeal had not been timely filed. Having granted plaintiff Campbell's petition for certiorari, we reverse and remand the case to the Court of Appeals with directions.

I

On January 17, 1989, the trial court entered a judgment in favor of defendant, Scott A. McGill, and against Campbell in a civil action arising from a real estate purchase agreement. On January 30, 1989, Campbell's trial attorney filed a motion to extend until February 28, 1989, the time within which to file a C.R.C.P. 59 motion for reconsideration (hereafter the January 30 motion). On February 1, 1989, Campbell himself filed a motion for reconsideration.[1]

On February 3, 1989, McGill filed a memorandum opposing the January 30 motion, asserting, *inter alia,* that by filing his *pro se* motion for reconsideration Campbell abandoned the January 30 motion. McGill later filed a motion to quash Campbell's *pro se* motion for reconsideration, and on February 15, 1989, filed a motion to enlarge the time within which to respond to the *pro se* motion. On that same date, Campbell's trial attorney filed a motion to withdraw and Campbell filed a motion to proceed *pro se.*

On February 21, 1989, the trial court entered an order permitting Campbell's tri-

---

**1.** Campbell is licensed to practice law in the State of Florida.

al attorney to withdraw and granting Campbell's motion to proceed *pro se.* The trial court also granted McGill's motion to enlarge the time within which to respond to the motion for reconsideration. The next day, February 22, 1989, the trial court granted the January 30 motion.

On February 23, 1989, a pleading responding to McGill's motion to quash and to McGill's memorandum opposing the January 30 motion was filed by Campbell's trial attorney. The pleading noted that the attorney had previously filed a "valid" motion for reconsideration.

On February 27, 1989, the trial court entered the following order:

> The Court being fully apprised on Defendant's Motion to Quash and Memorandum in Support and for good cause shown, the court FINDS:
>
> That the Motion for Reconsideration should be and hereby is Granted and Defendant has 15 days to respond.[2]

On March 14, 1989, McGill filed a memorandum opposing the motion for reconsideration. Campbell filed a response thereto, and on April 4, 1989, the trial court entered an order denying the motion for reconsideration. Campbell filed his notice of appeal with the Court of Appeals on May 19, 1989.

On June 30, 1989, the Court of Appeals ordered Campbell to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. The show cause order stated that "a post-trial motion was filed on January 30, 1989," which motion was "deemed denied" on April 3, 1989, by the terms of C.R.C.P. 59(j). That court subsequently dismissed the appeal with prejudice.

## II

■ Rule 59(j) of the Colorado Rules of Civil Procedure provides as follows:

**Time for Determination of Post–Trial Motions.** The court shall determine any post-trial motion within 60 days of the date of the filing of the motion. Where there are multiple motions for post-trial relief, the time for determination shall commence on the date of filing of the last of such motions. Any post-trial motion that has not been decided within the 60–day determination period shall, without further action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date.

C.R.C.P. 59(j) is designed to encourage expeditious determination of post-trial motions and to provide certainty in the calculation of the time within which a party must file a notice of appeal. *Canton Oil v. District Court,* 731 P.2d 687, 693 (Colo. 1987). A notice of appeal must be filed within forty-five days from the entry of an order granting or denying a motion filed pursuant to C.R.C.P. 59. C.A.R. 4(a).

■ The Court of Appeals noted in its show cause order that the January 30 motion was deemed denied pursuant to C.R.C.P. 59(j). However, the trial court granted that motion on February 22, 1989. The January 30 motion was not itself a C.R.C.P. 59 motion; it requested permission for an extension of time within which to file a C.R.C.P. 59 motion.

■ McGill argues that the judgment of the Court of Appeals should nevertheless be affirmed because the sixty-day period specified in C.R.C.P. 59(j) was triggered by the filing of Campbell's *pro se* motion for reconsideration on February 1, 1989. This argument fails to consider that on February 1 Campbell was represented by an at-

---

**2.** As the parties note, the trial court's February 27, 1989, order is not a model of clarity. The format of the order appears to have been drafted initially by McGill in anticipation of an affirmative response by the trial court to his motion to quash Campbell's February 1 motion for reconsideration. The original draft was altered by interlineation and, in its final form, purports to grant the motion for reconsideration while also granting McGill 15 days to respond to that motion. The final form of the order may well have been intended to reflect the trial court's decision to deny McGill's motion to quash and to grant McGill's request to delay responding to the motion for reconsideration until the motion to quash was determined. The record contains no other order addressing McGill's motion to quash, and both parties subsequently filed briefs concerning the motion for reconsideration.

torney who, on behalf of Campbell, had previously filed the January 30 motion requesting an extension of time within which to file a C.R.C.P. 59 motion; that not until February 21, 1989, did the trial court authorize Campbell to represent himself; and that on February 22, 1989, the trial court granted the January 30 motion. Under these circumstances, for purposes of C.R.C.P. 59(j), the filing of the motion for reconsideration must be deemed effective no earlier than February 21, 1989, when the trial court authorized Campbell to represent himself. The fact that on February 22, 1989, the trial court granted the January 30 motion and extended Campbell's time for filing C.R.C.P. 59 motions to February 28, 1989, suggests that the "trigger" date for the operation of C.R.C.P. 59(j) could be deemed February 28, 1989. *See In re Marriage of Nixon*, 785 P.2d 151 (Colo.App.1989).

McGill also asserts that no "proper" C.R.C.P. 59 motion was ever filed in this case. McGill's motion to quash the motion for reconsideration contained a substantially similar argument. The trial court apparently rejected McGill's argument in its February 27, 1989, order. We conclude that the February 1, 1989, motion for reconsideration was a valid C.R.C.P. 59 motion and that, for purposes of C.R.C.P. 59(j), the effective date of its filing was no earlier than February 21, 1989. This view promotes the efficacious purposes of C.R.C.P. 59(j) while preventing the rule from becoming a Damoclean trap for the unwary in this case. *See Canton Oil v. District Court*, 731 P.2d at 693–95 (trial court has authority in some cases to set aside judgment for juror misconduct under C.R.C.P. 60(b) without undercutting the purposes of C.R.C.P. 59(j)).

McGill asserts that dismissal of Campbell's appeal is consistent with *Baum v. State Board for Community Colleges*, 715 P.2d 346 (Colo.App.1986). *Baum*, however, is distinguishable. In *Baum*, unlike the present case, the trial court took no action upon appellant's C.R.C.P. 59 motion within sixty days of the filing thereof. In this case, the trial court's order denying Campbell's motion to reconsider was entered within sixty days of February 21, 1989, the date upon which the trial court granted Campbell's motion to represent himself. In these circumstances, we conclude that the requirements of C.R.C.P. 59(j) must be deemed to have been satisfied.

### III

The order of the Court of Appeals is reversed and the case is remanded to that court for further proceedings.

ERICKSON, J., does not participate.

