SCHNEIDER NATIONAL CARRIERS, INC. and Pacific Employers Insurance Company, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and William Slaughter, Decedent, Respondents.

No. 98CA0393.

Colorado Court of Appeals, Div. A.

Nov. 27, 1998.

■

Hall and Evans, L.L.C., Alan Epstein, Denver, Colorado; Mann & Shappell, W. Berkeley Mann, Jr., Denver, Colorado, for Petitioners.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for William Slaughter, Deceased.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge NEY.

In this workers' compensation proceeding, Schneider National Carriers, Inc., and its insurer, Pacific Employers Insurance Company, (collectively employer) petition for review of a final order of the Industrial Claim Appeals Office (Panel) dismissing their appeal of an order requiring them to pay death benefits to the dependent adult daughter of the deceased employee, William Slaughter (decedent). We deny the daughter's motion to dismiss the appeal and affirm the order.

The initial order to pay death benefits was issued in July 1997. Employer filed a timely petition to review this order, asserting general allegations of error as well as a lack of subject matter jurisdiction. Employer also contended that the adult daughter was not wholly dependent on decedent and that the Administrative Law Judge (ALJ) had erred in failing to rule on the admissibility of decedent's bank records. In response, the daughter conceded that the ALJ should issue a supplemental order ruling on the admissibility of the bank records, and consider those records with regard to the dependency issue.

The ALJ issued a supplemental order in October 1997. Aside from granting the request for the admission of the bank records, the ALJ incorporated the July 1997 order. The ALJ specifically found that consideration of the bank records did not persuade him to change his earlier finding that the daughter's mother testified credibly as to the dependency issue. The order concluded with a statement that the supplemental order was final unless a petition to review was filed within 20 days of the date of mailing.

Employer failed to file a petition to review the supplemental order. Asserting that several issues remained unresolved by the supplemental order, it requested a decision on these issues by the Panel. The Panel concluded that the filing of a petition to review the supplemental order was a jurisdictional prerequisite to appeal and, therefore, dismissed the appeal.

■ Employer filed in this court a timely petition to review the Panel's order. The daughter filed a motion to dismiss the appeal for lack of jurisdiction, contending that the failure to file a petition to review the supplemental order deprived both the Panel and this court of jurisdiction over the ALJ's July 1997 order. However, because employer now seeks review of the Panel's order on jurisdiction, and that appeal was perfected, see §8–43–301(10), C.R.S.1998, the appellate process cannot be circumvented by way of dismissal. Instead, we deny the motion and consider the merits of this appeal, which concerns jurisdiction, not dependency benefits.

■ Employer contends that because issues asserted in the petition to review the first order were not resolved in the supplemental order, it was relieved of the obligation to file a petition to review the supplemental order. We disagree.

■ Section 8–43–301(6), C.R.S.1998, provides that a party dissatisfied with a supplemental order must file a petition to review within twenty days of the mailing of the supplemental order. Because filing requirements are jurisdictional, such statutory provisions must be strictly construed. See Digital Equipment Corp. v. Industrial Claim Appeals Office, 894 P.2d 54 (Colo.App.1995). Thus, absent the filing of a timely petition to review the supplemental order, the Panel lacked jurisdiction to review that order. Buschmann v. Gallegos Masonry, Inc., 805 P.2d 1193 (Colo.App.1991).

Furthermore, we find employer's reliance on Michalski v. Industrial Claim Appeals Office, 757 P.2d 1146 (Colo.App.1988) misplaced. In that case, both the claimant and the respondents filed a petition to review the

ALJ's order. In a supplemental order, the ALJ addressed an issue raised by the respondents, but left all of the claimant's issues unresolved. Under such circumstances, the claimant's petition for review remained pending, and therefore, it was unnecessary for the claimant to file a petition for review the supplemental order.

Here, even though the supplemental order expressly addressed only one of employer's issues, the ALJ otherwise reinstated the original order. Thus, the ALJ did not leave all of the appellate issues unresolved, and the claim is factually distinguishable from that in *Michalski.*

The order of the Panel is affirmed, and the daughter's motion to dismiss is denied.

HUME, C.J., and STERNBERG *, J., concur.