2012 COA 48

**ESTATE OF Salvadore GUIDO, Plaintiff–Appellant,**

v.

**EXEMPLA, INC., d/b/a Exempla Lutheran Medical Center, Defendant–Appellee.**

**No. 11CA0830.**

Colorado Court of Appeals, Div. V.

March 15, 2012.

Springer and Steinberg, P.C., Jeffrey A. Springer, Denver, Colorado, for Plaintiff–Appellant.

Hall & Evans, LLC, Deanne C. McClung, Mary K. Lanning, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge BOORAS.

¶ 1 Plaintiff, the Estate of Salvadore Guido (the estate), appeals the district court's order denying its motion to confirm an arbitration award as time barred. We reverse and remand.

## I. Background

¶ 2 Mr. Guido brought a medical malpractice action against Lutheran Medical Center, which was a predecessor entity to defendant, Exempla, Inc. (Exempla). The parties agreed to submit the claims to arbitration and, in June 1998, the arbitrator awarded Mr. Guido $20,000, plus interest and costs. There is no evidence that a motion to vacate, modify, or correct the award was ever filed by Exempla.

¶ 3 Mr. Guido died in September 2009. In December 2010, the estate filed a motion to confirm the arbitrator's award, alleging that the amounts awarded to Mr. Guido in the arbitration were never paid or satisfied. *See* ch. 154, sec. 1, § 13–22–213, 1975 Colo. Sess. Laws 576 (now recodified with amendments as § 13–22–222(1), C.R.S.2011) ("Upon application of a party, the court shall confirm an award. . . .").[1] Exempla filed a response, arguing that the confirmation motion was barred by the general two-year statute of limitations set forth in section 13–80–102, C.R.S.2011; the general six-year statute of limitations set forth in section 13–80–101, C.R.S.2011; or laches.

¶ 4 The district court concluded that the arbitration award constituted a "liquidated debt" and confirmation of it was time barred under the six-year statute of limitations set forth in section 13–80–103.5(1)(a), C.R.S.2011, applicable to actions to recover a liquidated debt. Citing *Toothaker v. City of Boulder*, 13 Colo. 219, 22 P. 468 (1889), the district court noted that "the statute of limitations is designed for situations such as this where witnesses have died, records are no longer available, and truth is difficult to ascertain."[2] The district court did not mention or cite the Colorado Uniform Arbitration Act of 1975 (the CUAA) in its order.

¶ 5 The estate filed a C.R.C.P. 59(a) post-judgment motion, arguing that the CUAA contains no limitations period for filing a motion to confirm an arbitration award under the CUAA, and, in the alternative, that the twenty-year limitation period applicable to the execution of judgments, section 13–52–102(2)(a), C.R.S.2011, should be applied to confirmation proceedings. The estate also argued that the district court erroneously characterized the arbitration award as a "liquidated debt" subject to the six-year statute of limitations set forth in section 13–80–103.5(1)(a). In response, Exempla argued that, because Mr. Guido failed to take "the necessary steps to confirm his award in a timely manner," the estate's "claim" is barred by the six-year statute of limitations and the doctrine of laches and that the estate "cannot now take advantage" of the twenty-year limitation period set forth in section 13–

1. Although not addressed by the parties, it appears that the Uniform Arbitration Act of 1975 would govern this case. *See* § 13–22–230, C.R.S. 2011 ("an arbitration agreement made before August 4, 2004, is governed by the 'Uniform Arbitration Act of 1975' "). The 1975 Act was repealed and reenacted, with some amendments, in 2004. Ch. 363, sec. 1, §§ 13–22–201 to –230, 2004 Colo. Sess. Laws 1718–31. In its confirmation motion, the estate cited to section 13–22–222(1), C.R.S.2011, which is the current version of former section 13–22–213. Former section 13–22–213 and current section 13–22–222(1) are identical in all relevant respects.

2. Because it applied the statute of limitations, the district court did not rule on the issue of laches.

52–102(2)(a). The district court denied the motion, and this appeal followed.

## II. Confirmation of Arbitration Award

¶ 6 The estate contends that the district court erred in denying its confirmation motion as time barred under the six-year statute of limitations applicable to actions to recover a liquidated debt set forth in section 13–80–103.5(1)(a). We agree.

¶ 7 We review de novo the issue of which statute of limitations applies to a particular claim, at least where, as here, all facts relevant to that issue are undisputed. *See Hurtado v. Brady*, 165 P.3d 871, 873 (Colo. App.2007). We also review de novo a district court's legal conclusions on a motion to confirm an arbitration award. *Sure–Shock Elec., Inc. v. Diamond Lofts Venture, LLC*, 259 P.3d 546, 548 (Colo.App.2011); *Barrett v. Inv. Mgmt. Consultants, Ltd.*, 190 P.3d 800, 802 (Colo.App.2008).

### A. Confirmation Motion Is Not a "Civil Action" to Recover a "Liquidated Debt"

¶ 8 As an initial matter, we agree with the estate that the district court mischaracterized the confirmation proceeding as an action to recover a liquidated debt pursuant to section 13–80–103.5(1)(a).

¶ 9 A confirmation proceeding is a special statutory proceeding, not a "civil action" in the ordinary meaning of that term. *See State Farm Mut. Auto. Ins. Co. v. Cabs, Inc.*, 751 P.2d 61, 65 (Colo.1988) ("Arbitration is a special statutory proceeding, and the [CUAA] sets out in precise detail the rules which apply concerning confirmation of an arbitration award, and the methods by which a party may request the court to vacate or modify such an award."); *Levy v. Am. Family Mut. Ins. Co.*, 293 P.3d 40, —— (Colo.App. 2011) (*cert. granted* 2011 WL 4018206 (Sept. 12, 2011)) (same); *cf. Morrison v. Colo. Permanente Med. Grp., P.C.*, 983 F.Supp. 937, 944 (D.Colo.1997) (an arbitration proceeding is not a "civil action" as contemplated by Colorado statute allowing only one civil action for recovery of damages for wrongful death of any one decedent); *Sabon v. People,*

142 Colo. 323, 326, 350 P.2d 576, 578 (1960) (a mental health adjudication action in the county court can best be described as a special statutory proceeding, and is neither a criminal case nor a civil action).

¶ 10 Former section 13–22–213 of the CUAA provided for initiation of the confirmation process by application to the district court. *See also* ch. 154, sec. 1, § 13–22–218, 1975 Colo. Sess. Law 577 (now recodified with amendments as § 13–22–205(1), C.R.S. 2011) ("an application to the court under [the CUAA] shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions"). Although former section 13–22–218 provided that notice of an initial application for an order under the CUAA "shall be served in the manner provided by law for the service of a summons in an action," ch. 154, sec. 1, § 13–22–218, 1975 Colo. Sess. Law 577 (now recodified with amendments as § 13–22–205(2), C.R.S.2011), an application for confirmation is not a complaint that initiates a civil action in the district court. It is thus not a "civil action" as that term is used in C.R.C.P. 3(a). *See* C.R.C.P. 3(a) ("A civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons and complaint.").

¶ 11 Other jurisdictions have similarly held that a confirmation proceeding is not a "civil action." *See, e.g., City of Waterbury v. Waterbury Police Union, Local 1237*, 176 Conn. 401, 407 A.2d 1013, 1015–16 (1979) (a statutory proceeding to confirm, modify, or vacate an arbitration award is not a "civil action"); *Hardin Constr. Grp., Inc. v. Fuller Enters., Inc.*, 265 Ga. 770, 462 S.E.2d 130, 131 (1995) (an arbitration award confirmation proceeding filed pursuant to the Georgia Arbitration Code is a special statutory proceeding, not a civil action); *Driver v. SI Corp.*, 139 Idaho 423, 80 P.3d 1024, 1030 (2003) (implying that a proceeding to confirm an arbitration award is not a "civil action").

¶ 12 Therefore, regardless of how the district court characterized the arbitration award, the confirmation proceeding is not an independent "civil action" to recover a liquidated debt within the meaning of section 13–80–103.5(1)(a). Although the terms "liqui-

dated debt" and "unliquidated, determinable amount" are not defined in section 13–80–103.5, C.R.S.2011, the legislative history reveals that the portion of section 13–80–103.5(1)(a) referring to "liquidated debt" and "unliquidated, determinable amount" pertains to actions for breach of contract. *Curtis v. Counce*, 32 P.3d 585, 588 (Colo.App. 2001). Here, there is no allegation of a contract between the estate and Exempla, and the estate did not file a complaint for breach of contract. Thus, section 13–80–103.5(1)(a) is inapplicable. *See id.* at 589. This proceeding is simply an effort by the estate to confirm the award pursuant to the CUAA. Although there is a clear statutory framework for this process under the CUAA, the district court did not recognize it.

### B. Statute of Limitations Applicable to Confirmation Motions

¶ 13 We now examine the statutory scheme set forth in the CUAA to determine whether confirmation proceedings are subject to a time limit. Former section 13–22–213 [3] of the CUAA, which governs the confirmation of arbitration awards, corresponds to section 11 of the Uniform Arbitration Act of 1956 (the 1956 Act) [4] and provides: "Upon application of a party, the court *shall* confirm an award, unless within the time limits imposed in this part 2 grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13–22–214 and 13–22–215." (Emphasis added.)

¶ 14 The estate contends that former section 13–22–213 imposes no time bar to confirmation actions. Alternatively, the estate argues that the twenty-year limitations period for the enforcement of judgments, section 13–52–102(2)(a), should be applied to confirmation proceedings. Whether a time limit applies to proceedings to confirm arbitration

awards is an issue of first impression in Colorado.

 ¶ 15 Statutory construction involves a question of law. *Applehans v. Farmers Ins. Exch.*, 68 P.3d 594, 597 (Colo.App.2003). In interpreting a statute, we must give effect to the intent of the General Assembly. *Id.* To discern that intent, we look to the language employed in the statute. *Id.* If the words used are plain and unambiguous, our task is accomplished by giving effect to the commonly accepted meaning of those words. *Id.*

 ¶ 16 A strained or forced construction of a statutory term is to be avoided, and we must look to the context in which a statutory term is employed. *Id.* Further, we must construe the statute as a whole so as to give consistent, harmonious, and sensible effect to all its parts and, if possible, give effect to every word in the statute. *Id.*

¶ 17 Conspicuously absent from former section 13–22–213, or any other provision of the former or current CUAA, is any deadline for filing a motion to confirm an award. *See Am. Numismatic Ass'n v. Cipoletti*, 254 P.3d 1169, 1171 n. 2 (Colo.App.2011) (noting that former section 13–22–213 does not provide any express time limit for a party to seek confirmation of an award). The CUAA has other deadlines: an application to the court to vacate, modify, or correct an arbitrator's award is subject to a thirty-day time limit. *See* ch. 154, sec. 1, § 13–22–214(2), 1975 Colo. Sess. Laws 576 (now recodified with amendments as § 13–22–223(2), C.R.S.2011), *amended,* ch. 104, sec. 2, § 13–22–223(2), 1993 Colo. Sess. Laws 360 (the 1975 ninety-day limit was changed to thirty days in 1993); ch. 154, sec. 1, § 13–22–215(2), 1975 Colo. Sess. Laws 576 (now recodified with amendments as § 13–22–224(1), C.R.S.2011); *see*

---

**3.** Current section 13–22–222(1) is substantially similar:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court *shall* issue a confirming order unless the award is modified or corrected pursuant to section 13–22–220 or 13–22–224 or is vacated pursuant to section 13–22–223.

**4.** Section 11 of the 1956 Act states: "Upon application of a party, the Court *shall* confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award...." (Emphasis added.) Section 22 of the Uniform Arbitration Act of 2000 (the 2000 Act) is similar in all relevant respects.

*also* ch. 154, sec. 1, § 13–22–211, 1975 Colo. Sess. Laws 575 (twenty-day deadline for motion to arbitrator to modify or correct award) (now recodified with amendments as § 13–22–220, C.R.S.2011); *cf.* §§ 13–22–223(2), 13–22–224(1) (providing ninety days).

¶ 18 To understand the operation of former section 13–22–213, it is necessary to distinguish between actions to modify, correct, or vacate arbitration awards and actions to confirm them. Recognizing that actions of the former variety pose the principal threat to the finality of the award, former sections 13–22–214 and 13–22–215 subjected them to a short thirty-day statute of limitations. To encourage parties with objections to an award to assert them in a timely fashion, former section 13–22–213 provided that, if a party makes an application to the court for an order confirming the award, "the court *shall* confirm [the] order" unless the award is modified or corrected. (Emphasis added.)

■■■ ¶ 19 As the mandatory language of former section 13–22–213 suggests, a party who fails to initiate an action to vacate or modify an award within the thirty-day time limits specified in former sections 13–22–214 and 13–22–215 is barred from asserting those claims as defenses to a later action to confirm. *See Sportsman's Quikstop I, Ltd. v. Didonato,* 32 P.3d 633, 634 (Colo.App.2001). Former section 13–22–213 virtually eliminated any prospect of a successful challenge to an award after the passage of the thirty-day time period, and, by the same token, encouraged the parties voluntarily to treat the award as final and binding, foregoing judicial proceedings altogether. This tendency of former section 13–22–213 to encourage private settlement would, if anything, be under-

mined if it was subject to a strict limitations period for actions to confirm. *See Derwin v. Gen. Dynamics Corp.,* 719 F.2d 484, 489–90 (1st Cir.1983). Application of a strict limitations period would force the prevailing party to undergo the expense and delay of applying to confirm the award, even where the other party had agreed in good faith that the award was final and binding. *See id.* at 490.

¶ 20 Viewed as an integral part of the statutory scheme, therefore, former section 13–22–213 operated to cut off stale defenses and to encourage the parties to forego formal judicial proceedings aimed at obtaining confirmatory orders. Such a statutory scheme is fully consistent with the policy of according finality to arbitration awards. *See BFN–Greeley, LLC v. Adair Group, Inc.,* 141 P.3d 937, 940 (Colo.App.2006) (to facilitate confidence in the finality of arbitration awards and to discourage piecemeal litigation, the statute strictly limits the role of the courts in reviewing awards, and a party challenging an award bears a heavy burden); *Farmers Ins. Exch. v. Taylor,* 45 P.3d 759, 762 (Colo.App. 2001) (judicial review of an arbitration award is limited by the presumption favoring finality).

¶ 21 Other legislative schemes likewise treat the losing party less favorably than the prevailing party. As previously mentioned, the 1956 Act and the 2000 Act included no time limit for confirmation, *see* 1956 Act § 11; 2000 Act § 22, but imposed a ninety-day limit on actions to vacate, modify, or correct an award, 1956 Act §§ 12, 13; 2000 Act §§ 23, 24. Most state statutes impose a time limit on an action to vacate, modify, or correct an award, but not on one to confirm.[5]

---

**5.** *See, e.g.,* Ariz.Rev.Stat. Ann. §§ 12–1511, 12–1513 (2011); Ark.Code Ann. §§ 16–108–222 to –224 (2011); Fla. Stat. §§ 682.12 to .14 (2011); Haw.Rev.Stat. §§ 658A–22 to –24 (2011); Idaho Code Ann. §§ 7–911 to –913 (2011); 710 Ill. Comp. Stat. 5/ 11 to / 13 (2011); Ind.Code §§ 34–57–2–12 to –14 (2011); Iowa Code §§ 679A.11 to .13 (2011); Kan. Stat. Ann. §§ 5–411 to –413 (2011); Ky.Rev.Stat. Ann. §§ 417.150, 417.160, 417.170 (West 2011); Me. Rev.Stat. tit. 14, §§ 5937–5939 (2011); Md.Code Ann., Cts. & Jud. Proc. §§ 3–223, 3–224, 3–227 (West 2011); Mass. Gen. Laws Ann. ch. 251, §§ 11–13 (West 2011); Minn.Stat. §§ 572.18 to .20 (2011); Mo.Rev.Stat. §§ 435.400, 435.405, 435.410 (2011); Mont.Code Ann. §§ 27–5–311 to –313 (2011); Neb.Rev.Stat. §§ 25–2612 to –2614 (2011); Nev.Rev.Stat. §§ 38.239, 38.241, 38.242 (2011); N.M. Stat. Ann. §§ 44–7A–23 to –25 (2011); N.C. Gen.Stat. §§ 1–569.22 to .24 (2011); N.D. Cent.Code §§ 32–29.3–22 to –24 (2011); Okla. Stat. tit. 12, §§ 1873–1875 (2011); Or.Rev.Stat. §§ 36.700, 36.705, 36.710 (2011); 42 Pa. Cons.Stat. §§ 7313–7315 (2011); S.C.Code Ann. §§ 15–48–120, 15–48–130, 15–48–140 (2011); S.D. Codified Laws §§ 21–25A–23 to –25, 21–25A–28 (2011); Tenn.Code Ann. §§ 29–5–312 to –314 (2011); Tex. Civ. Prac. & Rem.Code Ann. §§ 171.087, 171.088, 171.091 (West 2011); Utah Code Ann. §§ 78B–11–123

The Federal Arbitration Act, 9 U.S.C. § 9, and a minority of states, however, impose a one-year limitations period for actions to confirm arbitration awards.[6]

¶ 22 Because the CUAA has deadlines for certain actions, but sets no deadline to file an application to confirm the award, we conclude that there is no deadline within the CUAA. *Cf. Applehans,* 68 P.3d at 597 ("under the canon of construction *expressio unius est exclusio alterius*—the inclusion of one thing implies the exclusion of another— we conclude that the inclusion of specific grounds for modification implies the exclusion of other grounds"). We find support for our interpretation in decisions from other jurisdictions that have adopted the Uniform Arbitration Act. *See Fisher v. Nat'l Gen. Ins. Co.,* 192 Ariz. 366, 965 P.2d 100, 103 (App. 1998) (applying the doctrine *expressio unius est exclusio alterius* and concluding that there is no time limit within which a party is required to file a motion to confirm an arbitrator's award); *Wolfe v. Farm Bureau Ins. Co.,* 128 Idaho 398, 913 P.2d 1168, 1172 (1996) ("Although time limitations are imposed for vacating, modifying, or correcting an award, no limitations exist in the Idaho Uniform Arbitration Act ... which restrict the time as to when an application for confirmation of an arbitration award may be filed."); *Moya v. Bd. of Regents,* 629 So.2d 282, 284 (Fla. Dist.Ct.App.1993) ("Although a party has 90 days after delivery of an arbitrator's award to seek to vacate, to modify or to correct an award, there is no time limitation written in the statute within which a party is required to file a motion to confirm an arbitrator's award."); *but see Peregrine Fin. Grp., Inc. v. Futronix Trading, Ltd.,* 401 Ill.App.3d 659, 341 Ill.Dec. 147, 929 N.E.2d 1226, 1228 (2010) (although the Illinois Uniform Arbitration Act contains no time limits within which to bring a confirmation motion, the Illinois legislature has enacted a five-year statute of limitations specifically applicable to "actions on ... awards of arbitration," 735 Ill. Comp. Stat. 5/13–205 (2011)).

¶ 23 In contrast, the official committee note to section 22 of the 2000 Act, from which the current section 13–22–222(1) is derived, provides that a state's general statute of limitations for the filing and execution on a judgment should apply to motions to confirm arbitration awards. *See* 2000 Act § 22 cmt. 2. In Colorado, there is a twenty-year statute of limitations for actions brought to execute on a judgment. *See* § 13–52–102(2)(a); *see also People v. Tipton,* 973 P.2d 713, 717 (Colo.App.1998) (execution may issue upon a civil judgment at any time within 20 years of its rendition).

¶ 24 Because former section 13–22–213 and current section 13–22–222(1) are almost identical to section 22 of the 2000 Act, the comments to section 22 of the 2000 Act are useful in interpreting former section 13–22–213 and section 13–22–222(1). Therefore, if we were to apply a statute of limitations to confirmation proceedings, we would be inclined to apply the general statute of limitations for executing court judgments. *See Williams v. United States Steel,* 877 F.Supp. 1240, 1245 (N.D.Ind.1995) (noting that the ten-year limitations period of Indiana's prior statute of limitations for enforcing court judgments would normally be applied to actions to enforce arbitration awards under Indiana's version of the Uniform Arbitration Act, which does not include a statute of limitations), *aff'd,* 70 F.3d 944 (7th Cir.1995). We need not decide, however, whether to borrow the twenty-year period for the enforcement of judgments, or to leave the period for filing completely unrestricted. Under either approach, the estate's motion to confirm the award was timely.

¶ 25 Furthermore, even assuming that a specific time limit applies to actions to

to –125 (West 2011); Vt. Stat. Ann. tit. 12, §§ 5676–5678 (2011); Va.Code Ann. §§ 8.01– 581.09 to .11 (2011); Wash. Rev.Code §§ 7.04A.220, 7.04A.230, 7.04A.240 (2011); Wyo. Stat. Ann. §§ 1–36–113 to –115 (2011).

6. *See, e.g.,* Conn. Gen.Stat. § 52–417 (2011); Del. Code Ann. tit. 10, § 5713 (2011); Ga.Code Ann. § 9–9–12 (2011); La.Rev.Stat. Ann. § 9:4209 (2011); Mich. Comp. Laws Ann. § 3.602(I) (2011); Miss.Code Ann. § 11–15–21 (2011); N.H.Rev.Stat. Ann. § 542:8 (2011); N.J. Stat. Ann. § 2A:23A–12 (West 2011); N.Y. C.P.L.R. § 7510 (McKinney 2011); Ohio Rev.Code Ann. § 2711.09 (West 2011); R.I. Gen. Laws § 10–3– 11 (2011); Wis. Stat. § 788.09 (2011).

confirm arbitration awards, we observe that the very terms of former section 13–22–213 and section 13–22–222(1) suggest the absence of a time limit beyond which judicial confirmation may be obtained. Rather, the language of both former section 13–22–213 and section 13–22–222(1) is permissive with respect to seeking confirmation of an arbitration award. *See* ch. 154, sec. 1, § 13–22–213, 1975 Colo. Sess. Laws 576 ("[u]pon application of a party"); § 13–22–221(1) (a party *"may* make motion" to confirm an arbitration award (emphasis added)); *cf. Janssen v. Denver Career Serv. Bd.*, 998 P.2d 9, 16 (Colo.App.1999) (where the term "may" is used as opposed to "must," the term refers to authority which is permissive and not mandatory). The import of both statutes, based upon ordinary canons of statutory construction, fails to support the interpretation that a party must apply to confirm its award within a particular period or forfeit that right, because the General Assembly used the terms "[u]pon application" and "may apply." This theory is reinforced by the General Assembly's use of the word "shall" in the latter part of the sentences in former section 13–22–213 and section 13–22–222(1). It is axiomatic that the term "shall" is usually interpreted to make the provision in which it is contained mandatory. *See Hillebrand Constr. Co. v. Worf*, 780 P.2d 24, 25 (Colo.App.1989) (the term "shall" connotes a mandatory requirement). If the intention of the General Assembly was to restrict the power of the district court to confirm arbitration awards to a specified period, it would have used the mandatory word "shall" rather than the permissive language "upon application" (former section 13–22–213) and "may apply" (section 13–22–222(1)). Therefore, the General Assembly's use of permissive language in the beginning sentences of former section 13–22–213 and section 13–22–222(1) lends itself to no other reasonable interpretation but that a confirmation motion could also be made beyond any applicable statute of limitations. Even under the Federal Arbitration Act, courts have held that section 9's language is permissive, thus allowing actions to confirm where justice requires after the apparent one-year limitations period had elapsed. *See, e.g., Kentucky River Mills v. Jackson*, 206 F.2d 111, 120 (6th Cir.1953); *Paul Allison, Inc. v. Minikin Storage of Omaha*, 452 F.Supp. 573, 574–75 (D.Neb.1978); *see also Taylor v. Ford Motor Co.*, 703 F.2d 738, 745 (3d Cir.1983) (section 301 action to confirm was timely even after state statute .of limitations on actions to vacate had run); *Russo v. Chittick*, 48 Ohio App.3d 101, 548 N.E.2d 314, 316–17 (1988) (statute which states that, at any time within one year after an arbitration award, a party may apply to the court of common pleas for confirmation, was not tantamount to a statute of limitations and, thus, failure to file for confirmation within one year of award did not forfeit right to confirmation).

¶ 26 Exempla argues that the unlimited period in former section 13–22–213 and the twenty-year alternative are opposed to the policy that actions should be brought within a reasonable time. According to Exempla, the estate waited too long to enforce its rights under the award so that its "claim" is now "stale," witnesses have died, and evidence has disappeared, "making it difficult to ascertain whether [the estate] is entitled to the award now or whether [Mr. Guido] was already paid." This argument, however, not only mischaracterizes the confirmation proceeding as a "civil action" in which claims are brought, but also misconstrues the district court's considerations in deciding a confirmation motion.

¶ 27 "The meaning of [former section 13–22–213] is clear. The only permitted defenses to a request for confirmation of an arbitration award are those outlined in [former] sections 214 and 215, and they must be made within specified time limits." *Cabs*, 751 P.2d at 65. Therefore, the issues before a court in a confirmation proceeding are limited to a consideration of whether grounds exist to vacate, modify, or correct an arbitration award under the provisions of the CUAA.[7] *Id.* at 66. In the absence of such grounds, the language of the CUAA is man-

---

**7.** Under former section 13–22–214, the court was required to vacate an award, upon proper application of a party, where:

I. The award was procured by corruption, fraud, or other undue means; II. There was evident partiality by an arbitrator appointed as

datory: "[T]he court *shall* confirm an award...." Ch. 154, sec. 1, § 13–22–213, 1975 Colo. Sess. Laws 576 (emphasis added); *see also* § 13–22–222(1).

¶ 28 The grounds Exempla argues for denying the estate's confirmation motion—the disappearance of evidence and unavailability of witnesses—are irrelevant considerations in an arbitration award confirmation proceeding under the CUAA. Accordingly, the district court's reliance on these grounds to support its application of the statute of limitations was in error.[8]

¶ 29 We therefore conclude that the district court erred in denying the estate's motion to confirm as time barred under the six-year limitations period set forth in section 13–80–103.5(1)(a).

¶ 30 The order is reversed, and the case is remanded to the district court with directions to reconsider the estate's motion to confirm the arbitration award.

Judge GRAHAM and Judge CARPARELLI concur.

---

a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; III. The arbitrators exceeded their powers; IV. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refusing to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 13–22–207, as to prejudice substantially the rights of a party; or V. There is no arbitration agreement and the issue was not adversely determined in proceedings under section 13–22–204 and the party did not participate in the arbitration hearing without raising the objection.

*Cabs,* 751 P.2d at 66.

Under former section 13–22–215(1), the court was required to modify or correct an award, upon proper application of a party, where:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

8. The trial court made no findings with respect to the issue of laches, and Exempla has not raised the issue on appeal. In any event, because Exempla's claim of laches below rests on its alleged inability to establish compliance with the award, it appears that the application of laches would be inappropriate or premature in this confirmation proceeding. *See Am. Nursing Home v. Local 144,* 1992 WL 47553, *2 (S.D.N.Y. No. 89 Civ. 1704(DNE), Mar. 4, 1992) (unpublished opinion) ("The issues of compliance and confirmation are distinct from each other. A court may confirm an arbitration award even in the absence of a showing of non-compliance.... Confirmation, therefore, is not a novel inquest into the merits of the award or compliance with it; in the absence of unique, statutorily prescribed circumstances, confirmation is appropriate."); *Dist. Council No. 9 v. APC Painting, Inc.,* 272 F.Supp.2d 229, 239 (S.D.N.Y.2003) (whether the arbitration award has been satisfied has no bearing on whether the arbitration awards should be confirmed); *Mikelson v. United Servs. Auto. Ass'n,* 122 Hawai'i 393, 227 P.3d 559, 562 (App.2010) (same).