Roland A. WILSON, Plaintiff–Appellee and Cross–Appellant,

v.

ESTATE OF David LAWRENCE, Defendant–Appellee and Cross–Appellant,

and

Karl Smith, Defendant–Appellant and Cross–Appellee.

No. 94CA0351.

Colorado Court of Appeals, Div. I.

July 27, 1995.

Rehearing Denied Aug. 17, 1995.

Certiorari Denied Jan. 22, 1996.

The Law Offices of Bennett S. Aisenberg, P.C., H. Paul Himes, Jr., Bennett S. Aisenberg, Denver, for plaintiff-appellee and cross-appellant.

Turner & Turner, P.C., David A. Turner, Denver, for defendant-appellee and cross-appellant.

Astrella & Rice, P.C., T.R. Rice, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge PLANK.

In this dispute over a dissolution of a joint venture, Karl D. Smith appeals a trial court order awarding interest on an arbitration award at the statutory rate of 8% compounded annually. Roland A. Wilson and the Estate of David F. Lawrence cross-appeal the award of interest from the date the arbitration award was reduced to judgment in the district court. We affirm the award of interest at the statutory rate, but remand with directions to modify the date from which interest was awarded.

On April 17, 1992, an arbitration panel issued an order directing Smith, as the managing member of the Three Ponds Co. Joint Venture, to liquidate the joint venture. Two months later, Smith notified the other members of the venture that he was precluded from distributing the venture assets because of a pending dispute in bankruptcy court with a former member. Smith also stated that the members would not receive their share of venture assets until the arbitration ruling was reduced to a judgment by the trial court and the 45–day period for filing an appeal had expired.

During the next few months, Smith made no attempt to obtain judicial confirmation of the arbitration award, and as a result, Wilson applied for and obtained a confirmation order from the trial court on October 13, 1992.

Six weeks later, Smith had still taken no action to disburse funds, and Wilson therefore filed a motion for appointment of a receiver to effect distribution and a motion for an award of interest. The trial court granted Wilson's motion for interest, stating that Smith "has willfully delayed disbursement of the loan advances and equity distributions to the venturers." This appeal followed.

I.

Smith first argues that the award of interest was not authorized by § 5–12–102, C.R.S. (1992 Repl.Vol. 2) because the arbitration award was not a money judgment. We disagree.

Section 5–12–102(1), C.R.S. (1992 Repl.Vol. 2) authorizes the award of interest whenever money or property has been wrongfully withheld. Section 5–12–102(3), C.R.S. (1992 Repl.Vol. 2) provides that interest shall be allowed pursuant to subsection 1 even if the amount is unliquidated at the time of the wrongful withholding. Therefore, there is no requirement that the arbitration award be a monetary judgment before interest is awarded.

Smith also contends that the trial court's finding that he had wrongfully withheld the joint venture's assets was contrary to the evidence. However, this issue was disposed of in *Wilson v. Estate of Lawrence*, (Colo. App. No. 93CA1349, September 15, 1994) (not selected for official publication), when this court affirmed the trial court's conclusion that Smith's continued opposition to the

motion for distribution of funds was not based on any credible evidence or a rational legal theory. Under the doctrine of the law of the case, we decline to disturb this ruling. *See Verzuh v. Rouse,* 660 P.2d 1301 (Colo. App.1982).

## II.

We are equally unpersuaded by Smith's contention that even if the award of interest was appropriate, the 8% rate was not.

■ Section 5–12–102 provides that, unless there is an agreement for payment of interest at a specified rate, interest shall be at the rate of 8% compounded annually. Smith asserts that because the joint venture assets are being maintained in interest bearing accounts, there is an implied-at-law agreement for interest to be awarded at the rate at which those monies are earning interest. Smith provides no legal support for this contention, and we find nothing in the case law or the language of the statute which would support it.

## III.

■ In their cross-appeal, Wilson and Lawrence maintain that the trial court erred in awarding interest only from the date the arbitration award was reduced to a judgment. We agree.

■ An arbitration award of a monetary amount is a liquidated sum which becomes due and payable on the date of its issuance. *Columbine Valley Construction Co. v. Board of Directors,* 626 P.2d 686 (Colo.1981); *see also* 6 C.J.S. Arbitration § 132 (a money award for which no time of performance is prescribed must be performed immediately). For this reason, and pursuant to § 5–12–102(2), C.R.S. (1992 Repl.Vol. 2) which authorizes interest for all monies from the date they become due, interest has been permitted in these circumstances from the date the arbitration award was entered.

Our appellate courts have not addressed the awarding of interest when an arbitration award does not result in a liquidated sum. Such is the case here in that the arbitration award at issue ordered the doing of a specific act for which no time for performance was prescribed.

With such an award, performance must take place within a reasonable time. 6 C.J.S. Arbitration § 132. When performance does not occur within a reasonable time, and involves disbursement of monies or property, a wrongful withholding takes place, and interest is proper from the date of that wrongful withholding, even if the amount is unliquidated at the time of the wrongful withholding. Sections 5–12–102(1) and 15–12–102(3), C.R.S. (1992 Repl.Vol. 2).

Here, under the arbitration award, Smith would have had a reasonable time in which to wind up the joint venture. However, the trial court found that he willfully failed to do so, and accordingly, pursuant to the statute, interest should have been awarded from the date the willful delay began.

The trial court's order awarding interest to be compounded annually at the rate of 8% is affirmed. The cause is remanded with directions to determine the date Smith began wrongfully withholding the joint venture funds and to award interest from that date.

METZGER and TAUBMAN, JJ., concur.