Rebecca A. SWAN, Plaintiff–Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Intervenor–Appellee.

No. 98CA1768.

Colorado Court of Appeals, Div. I.

March 2, 2000.

Certiorari Denied Sept. 5, 2000.

Vernon K. Sessions, Denver, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., Lee Lindsay, Englewood, Colorado, for Intervenor–Appellee.

Opinion by Judge NIETO.

Plaintiff, Rebecca A. Swan, appeals from the judgment of the trial court modifying an arbitration award against the intervenor, American Family Mutual Insurance Company (American Family). We affirm.

Plaintiff was involved in an automobile accident with an uninsured motorist, and subsequently brought suit seeking damages. The defendant failed to answer or appear in the case. Plaintiff's own automobile insurance carrier, American Family, intervened prior to the damages hearing. The trial court then ordered that, pursuant to the insurance contract, the case would be held in abeyance pending resolution of the uninsured motorist insurance arbitration between the plaintiff and American Family.

On April 17, 1998, the arbitrators entered the initial award of $150,000 plus interest and costs for the plaintiff. On April 28, 1998, American Family filed an application with the arbitrators requesting modification of the award. They asserted that the award should be reduced to $100,000, the policy limit of the uninsured motorist insurance. On May 13, 1998, in response to American Family's application, the arbitrators entered the following order (amended award):

> The arbitrators decline to modify their award, Order that the maximum amount recoverable under law and the insurance contract is $100,000, which would include interest. Plus the additional costs awarded under this Order. [sic].

Within thirty days following entry of the amended award but more than thirty days after the initial award, American Family asked the trial court to vacate and modify the arbitration award. Plaintiff filed a motion requesting that the trial court confirm the initial award. After hearing, the trial court modified the arbitration award to $100,000 plus interest and costs, and entered judgment in favor of plaintiff and against American Family.

I

On appeal to this court, the plaintiff asserts that the initial award became final when American Family failed to ask the court to vacate or modify the award within thirty days of delivery to the parties, as required by §§ 13–22–214 and 13–22–215, C.R.S.1999. Relying on *Kutch v. State Farm Mutual Automobile Insurance Co.*, 960 P.2d 93 (Colo.1998), plaintiff asserts that American Family's application to the arbitrators to modify their award pursuant to § 13–22–211, C.R.S.1999, did not toll the time limits in §§ 13–22–214 and 13–22–215. In *Kutch* the supreme court held that failure to apply to the court for vacation or modification of an arbitration award within the time period mandated by §§ 13–22–214 and 13–22–215 acts as a bar to modification. However, in *Kutch* there was no application to the arbitrators for modification of the award pursuant to § 13–22–211. Therefore, *Kutch* did not consider the tolling issue raised by American Family.

American Family argues that the application filed with the arbitrators to modify the initial award in effect tolled the thirty-day requirement in §§ 13–22–214 and 13–22–215. We agree.

Section 13–22–211 provides that, on application of a party within twenty days after delivery of the award, the arbitrators may modify or correct the award "upon the grounds stated in section 13–22–215(1)(a) and (1)(c) or for the purpose of clarifying the award." The statute also provides that the modified or corrected award "is subject to the provisions of sections 13–22–213 to 13–22–215."

· The effect § 13–22–211 has upon the other time limits in the Uniform Arbitration Act of 1975, §§ 13–22–201 through 13–22–223, C.R.S.1999, is a matter of first impression in Colorado. The issue has been addressed by the courts in other jurisdictions. In *Konicki v. Oak Brook Racquet Club, Inc.*, 110 Ill. App.3d 217, 65 Ill.Dec. 819, 441 N.E.2d 1333 (1982), the court, in construing similar statutes, held that application to the arbitrator tolls the time for seeking review in the trial court regardless of whether the relief requested is granted or denied. Other jurisdictions have reached a contrary result. *See Groves v. Groves,* 704 N.E.2d 1072 (Ind.Ct. App.1999); *Teleometrics International, Inc. v. Hall,* 922 S.W.2d 189 (Tex.App.1995). We find the reasoning in *Konicki* more persuasive because it gives effect to all the provisions of the statutes involved and reflects due concern for the efficiency of the arbitration process and for judicial economy.

■ Therefore, we hold that an application to the arbitrators pursuant to § 13–22–211 tolls the time limits in §§ 13–22–214 and 13–22–215. These time limits begin to run anew upon delivery of the arbitrators' order to the parties.

We find support for our conclusion in § 13–22–202, C.R.S.1999, which states the legislative intent to make the arbitration process efficient while promoting judicial economy. The act gives parties the right to ask the arbitrator to modify an award, but does not set a time within which the arbitrator must act on the request. If an application to the arbitrators pursuant to § 13–22–211 does not toll the time limits of §§ 13–22–214 and 13–22–215, given the very short time limits, a party would have to proceed in both forums to guarantee that the issues would be considered. Requiring duplicate filings, which would be almost automatic, is not consistent with the stated legislative intent to make the arbitration process effective and efficient. It also would not promote judicial economy to require filing petitions with the court when the issues may be resolved by the arbitration. If parallel petitions are filed, it could lead to the anomalous result of the arbitrators modifying an award at the same time the court is vacating it.

## II

■ Plaintiff argues that the court committed reversible error by modifying the arbitrators' award upon grounds other than those provided in § 13–22–215. Plaintiff is correct that § 13–22–215 limits the authority of the court to modify an arbitration award. *Foust v. Aetna Casualty & Insurance Co.,* 786 P.2d 450 (Colo.App.1989). However, the decision in *Kutch* makes it clear that in an uninsured motorist insurance arbitration, an award beyond the policy limits exceeds the powers of the arbitrators and can be vacated pursuant to § 13–22–214. American Family's motion requested relief under both §§ 13–22–214 and 13–22–215. Therefore, the court could have vacated that portion of the award which exceeded the policy limits.

> If an arbitrator makes an award which is outside the scope of the issues submitted, *that portion of the award* which goes beyond the matters submitted to it for resolution is void for lack of jurisdiction (emphasis added).

*Lynch v. Three Ponds Co.,* 656 P.2d 51 (Colo. App.1982).

Here, the trial court couched its order in terms of "modification," but the effect of the order was the same as if it had vacated that portion of the award which exceeded the powers of the arbitrators. Under these circumstances, we conclude that the error was harmless. *See Biel v. Alcott,* 876 P.2d 60 (Colo.App.1993).

## III.

Plaintiff asserts that she is entitled to the full amount of interest on the award from the date of her injury. That may be so as it relates to the tortfeasor, but the issue here is

her entitlement to compensation from her own insurance company.

Prejudgment interest is an element of damages. *Allstate Insurance Co. v. Starke,* 797 P.2d 14 (Colo.1990). Therefore, plaintiff was entitled to recover prejudgment interest from American Family from the date of her injury until the issuance of the initial arbitration award, but only to the limits of the uninsured motorist insurance policy. *Allstate Insurance Co. v. Allen,* 797 P.2d 46 (Colo.1990). Here the parties agree that the policy limits were $100,000. Therefore, plaintiff cannot require American Family to pay prejudgment interest in this case because it would be beyond the policy limits.

The court entered judgment for "interest and costs." The plaintiff is entitled to receive post-judgment interest on the award of $100,000 from the date of the initial award, April 17, 1998, until it is paid. § 5–12–102, C.R.S.1999; *Wilson v. Estate of Lawrence,* 910 P.2d 67 (Colo.App.1995).

The trial court's judgment for $100,000 plus interest and costs in favor of plaintiff and against American Family is affirmed.

Judge METZGER and Judge RULAND concur.