**Linda V. APPLEHANS,**
**Plaintiff–Appellant,**

**v.**

**FARMERS INSURANCE EXCHANGE,**
**Defendant–Appellee.**

**No. 02CA0490.**

Colorado Court of Appeals,
Div. V.

March 13, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

William J. Hunsaker, P.C., William J. Hunsaker, William J. Hunsaker, Jr., Wheat Ridge, Colorado, for Plaintiff–Appellant.

Joel N. Varnell & Associates, John T. Scherling, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

Plaintiff, Linda V. Applehans, appeals the orders denying her motion to vacate, correct, or modify an amended arbitration award (final award), and to confirm the original award entered in her favor against defendant, Farmers Insurance Exchange. We affirm in part, vacate in part, and remand the case for further proceedings.

Following plaintiff's injury in an automobile accident, she settled her claim in return for the payment of policy limits of $25,000 from the tortfeasor's insurance company. Thereafter, plaintiff submitted a claim for underinsured motorist coverage to Farmers, her own auto insurer.

Plaintiff's policy with Farmers contained a limit of $50,000 for underinsured motorist coverage and provided for an offset against that amount for any payments received from underinsured tortfeasors. It also had a provision requiring arbitration to settle disputes.

When the parties could not agree on the amount that plaintiff was entitled to recover, they proceeded to arbitration. The arbitration agreement the parties signed provided that the only issue for the arbitrator to decide was the "amount of damages to which [plaintiff] is entitled as a result of her injuries sustained, if any, in the accident."

During the initial arbitration hearing, neither party presented evidence of the Farmers policy limits or of the amount plaintiff had received from the tortfeasor's insurance company.

Following the hearing, the arbitrator awarded plaintiff $95,000 plus interest and costs. Within ten days thereafter, Farmers filed a request for modification with the arbitrator, asserting that the award should be reduced to $25,000, representing the policy limit less a $25,000 setoff for the settlement amount previously received from the tortfeasor's insurance company.

Before the arbitrator decided the request for modification, plaintiff filed a motion in the district court requesting the court to confirm the arbitrator's initial $95,000 award. Because the request for modification was pending with the arbitrator, the court denied that motion.

Subsequently, the arbitrator held a hearing on the modification request and issued the final award. On disputed evidence, he concluded the parties had stipulated that "[plaintiff] [would] not disclose to the chosen arbitrator either the policy limits or any information concerning potential setoffs" and that any award would be "limited in amount to the applicable policy limits set forth in the insurance policy." Consequently, he entered the final award in favor of plaintiff for $25,000 plus costs and interest.

Plaintiff then filed a motion under §§ 13–22–214 and 13–22–215, C.R.S.2002, seeking to vacate, modify, or correct the final award. The court denied that motion, and this appeal followed.

I.

■ Plaintiff contends that the court erred in denying her motion to vacate, modify, or correct the final award. Specifically, she argues that the arbitrator exceeded his powers because his power to change an award, as described in § 13–22–211, C.R.S.2002, is limited to the grounds stated in § 13–22–215(1)(a) and (c), C.R.S.2002. She asserts that, because those statutory grounds do not apply here, the arbitrator exceeded the scope

of his authority by rendering the final award, and therefore the court erred in refusing to vacate it. We agree.

■ The issue here is whether the reasons stated in § 13–22–211 provide the only grounds upon which an arbitrator may modify the award. The scope of the arbitrator's ability to modify an award under this statute is an issue of first impression in Colorado.

■ Statutory construction involves a question of law. *Fogg v. Macaluso*, 892 P.2d 271 (Colo.1995). In interpreting a statute, we must give effect to the intent of the General Assembly. *See Dawson v. Reider*, 872 P.2d 212 (Colo.1994). To discern that intent, we look to the language employed in the statute. If the words used are plain and unambiguous, our task is accomplished by giving effect to the commonly accepted meaning of those words. *Brock v. Nyland*, 955 P.2d 1037 (Colo.1998).

■ A strained or forced construction of a statutory term is to be avoided, and we must look to the context in which a statutory term is employed. *Miller v. Byrne*, 916 P.2d 566 (Colo.App.1995). Further, we must construe the statute as a whole so as to give consistent, harmonious, and sensible effect to all its parts and, if possible, give effect to every word in the statute. *City of Grand Junction v. Sisneros*, 957 P.2d 1026 (Colo. 1998).

If the statutory language does not clearly establish the General Assembly's purpose, or if the statute appears to conflict with other provisions, then we may determine the meaning of the statute by considering other factors, such as legislative history, prior law, the consequences of a given construction, and the end to be achieved by the statute. Section 2–4–203, C.R.S.2002; *Martin v. People*, 27 P.3d 846, 851 (Colo.2001).

As pertinent here, § 13–22–211 provides: "On application of a party ... the arbitrators may modify or correct the award upon the grounds stated in section 13–22–215(1)(a) and (1)(c) or for the purpose of clarifying the award." The "grounds stated" in § 13–22–215(1)(a) and (c) are a miscalculation of figures; mistake in description of a person, thing, or property; and imperfection in a matter of form of the award, not affecting the merits of the controversy.

We do not discern that the statute's meaning is wholly plain. Therefore, under the canon of construction *expressio unius est exclusio alterius*—the inclusion of one thing implies the exclusion of another—we conclude that the inclusion of specific grounds for modification implies the exclusion of other grounds. *See City of Arvada v. Colo. Intergovernmental Risk Sharing Agency*, 19 P.3d 10, 13 (Colo.2001).

Our interpretation is supported by the prior common law. At common law, an arbitrator's ability to modify or amend an award was limited by the doctrine of *functus officio*. Under that doctrine, once an arbitrator issued an award and delivered it to the parties, his or her power and authority to proceed in the matter terminated. *See* 1 *Domke on Commercial Arbitration* §§ 22.01, 32.01 (Gabriel M. Wilner ed., 2000). The official commentary to the Uniform Arbitration Act, upon which the Colorado act is modeled, notes that the provision allowing an arbitrator to change an award was intended to address the doctrine of *functus officio* and to provide only a limited opportunity for parties to request a modification from the arbitrator when the award contains a miscalculation or misdescription that is evident on its face. *See* Uniform Arbitration Act § 20 official cmt. 2 (2000). Hence, we must apply the rule that statutes in derogation of the common law should be strictly construed, and therefore we conclude that the reasons for modification are limited to those expressly set forth in the statute. *See Preston v. Dupont*, 35 P.3d 433 (Colo.2001).

Accordingly, we conclude that when an arbitrator issues an award and delivers it to the parties, amendment or modification of the award by the arbitrator is permitted only under the narrow circumstances listed in § 13–22–211. *See Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo.App.1989)(an award can be vacated, modified, or corrected by the court only for the statutory grounds set forth in §§ 13–22–214 and 13–22–215); *cf. Farmers Ins. Exch. v. Taylor*, 45 P.3d 759 (Colo.App.2001)(in the absence of statutory

grounds to modify, vacate, or correct an award, a trial court may not review the merits of the award).

We find support for our interpretation in decisions from other jurisdictions that have adopted the Uniform Arbitration Act. *See Conn. Valley Sanitary Waste Disposal, Inc. v. Zielinski,* 436 Mass. 263, 763 N.E.2d 1080 (2002)(an arbitrator is without power to modify the award except where the controlling statute or the parties authorize modification); *Chaco Energy Co. v. Thercol Energy Co.,* 97 N.M. 127, 637 P.2d 558 (1981)(an arbitration award that is amended for purposes other than those enumerated by the statute is void and of no effect).

Here, the final award dramatically changed the amount of plaintiff's recovery; thus, it affected the merits of the controversy. The final award did not correct a miscalculation or mistake as to form, nor did it clarify the previous award. Plaintiff did not agree that the award could be modified. Thus, the arbitrator exceeded the scope of his power to modify under § 13–22–211. Accordingly, we conclude that the trial court erred in declining to vacate the final award. *See* § 13–22–214(1)(a)(III), C.R.S.2002 (the court shall vacate an award where the arbitrators exceed their powers).

Farmers asserts that *Swan v. American Family Mutual Insurance Co.,* 8 P.3d 546 (Colo.App.2000), requires a different result because the *Swan* division recognized the arbitrators' authority to reduce the award to conform to policy limits. We disagree.

In *Swan,* in an uninsured motorist context similar to that present here, the arbitrators entered an initial award that exceeded the available policy limits. Eleven days following the award, the insurer filed an application with the arbitrators under § 13–22–211, requesting modification of the award to reduce it to policy limits. The arbitrators declined to modify the award, but ordered that the maximum amount recoverable under the law was the applicable policy limit. Within thirty days following entry of the amended award, but more than thirty days after the initial award, the insurer asked the court to vacate and modify the initial award to reduce it to policy limits. The court did so.

On appeal, the insured asserted that the initial award had become final because the insurer failed to request the court to vacate or modify it within thirty days of delivery to the parties, as required by §§ 13–22–214 and 13–22–215. The insurer asserted that its application to the arbitrators to modify the award pursuant to § 13–22–211 tolled the time limits of those two statutes. A division of this court agreed with the tolling argument.

Contrary to Farmers' assertion, the *Swan* division did not address the authority of the arbitrators to modify the award. In fact, it does not appear that the issue was presented, because the facts indicate that the arbitrators declined to modify their award. Instead, the issue presented there was whether the *court* had erred by modifying the award because of the thirty-day limit. The division held that the request was timely and that, under the authority of *Kutch v. State Farm Mutual Automobile Insurance Co.,* 960 P.2d 93 (Colo.1998), the trial court had authority to vacate the award in excess of policy limits because the arbitrators had exceeded their powers when they awarded an amount above the policy limits. Accordingly, *Swan* is inapposite.

Relying upon the doctrine of judicial estoppel as elucidated in *Estate of Burford v. Burford,* 935 P.2d 943 (Colo.1997), Farmers also asserts that, because the arbitrator found that plaintiff had stipulated that any award would be subject to policy limits and the setoff, that stipulation should be enforced. Because the arbitrator lacked authority to change or modify the award except under the statutory circumstances, and that finding does not fall within those circumstances, we reject this contention. However, having asked the arbitrator to modify the award and having prevailed on that assertion, Farmers had no need to request the court to modify or vacate the original award under §§ 13–22–214 or 13–22–215. Because we must vacate the final award, on remand the court should allow Farmers an opportunity to file a motion under §§ 13–22–214 or 13–22–215 within thirty days of the issuance of our mandate, requesting the court to vacate,

modify, or correct the initial award. *See Kutch v. State Farm Mut. Auto. Ins. Co., supra.* Farmers may raise the judicial estoppel issue anew before the court in the event it files such a motion.

Moreover, because judicial estoppel is an equitable doctrine that, in this case, will require specific facts to be found before it may be applied, we decline Farmers' request to apply it as a matter of law on appeal.

## II.

■ Plaintiff asserts the trial court erred in denying her motion to confirm the initial award. We disagree.

Under § 13–22–213, C.R.S.2002, the court should not confirm an award if grounds are urged for vacating, modifying, or correcting it. Because Farmers had filed an application to modify or correct the award with the arbitrator, we conclude the trial court correctly denied the motion. *See Swan v. Am. Family Mut. Ins. Co., supra* (if parallel petitions are filed with the arbitrator and the court, it could lead to the anomalous result of the arbitrator modifying an award at the same time the court is vacating it).

■ Plaintiff nevertheless asserts that Farmers' application states that it is filed pursuant to § 13–22–215, a statute that allows only the court to modify or correct the award, not the arbitrator. However, the body of the application and its caption make it clear that the request was directed to and filed with the arbitrator, and § 13–22–211 expressly allows the arbitrator to "modify or correct" the award. Moreover, plaintiff received notice of the application and filed a response with the arbitrator. Accordingly, we reject plaintiff's contention that Farmers' application was a nullity.

■ Plaintiff also asserts that the notice of the filing was defective because neither the application nor the certificate of service stated that plaintiff "must serve her objections thereto, if any, within ten days after the notice," contrary to the provision in § 13–22–211 requiring such language. However, plaintiff has failed to assert or prove prejudice from Farmers' omission of that specific language, and we find none. Hence, we reject this contention as well. *See* C.R.C.P. 61; C.A.R. 35(e) (courts will ignore errors or defects not affecting the substantial rights of the parties).

For similar reasons, we reject plaintiff's contention that the trial court erred in denying the motion before she had the opportunity to file a reply brief. Plaintiff was able to assert the grounds for her reply in a subsequent motion for reconsideration.

## III.

■ Relying upon *Farmers Insurance Exchange v. Taylor, supra,* plaintiff asserts that policy limit and setoff amounts are affirmative defenses to the insurer's obligation to pay benefits and that such defenses are waived if evidence supporting them is not introduced during the arbitration hearing. Therefore, she argues, Farmers' failure to introduce such evidence bars any consideration thereof as a matter of law. We disagree.

■ In an uninsured or underinsured motorist insurance arbitration, an award beyond the policy limits may exceed the powers of the arbitrators and can be vacated by a court pursuant to § 13–22–214(1)(a)(III). *Kutch v. State Farm Mut. Auto. Ins. Co., supra; Swan v. Am. Family Mut. Ins. Co., supra.*

In *Taylor,* a division of this court held that the existence of policy limits and setoffs are affirmative defenses that must be raised in the arbitration, and the parties' failure to present that evidence in the arbitration precludes the presentation thereof in a proceeding to vacate the award. However, the *Taylor* division predicated its determination on the parties' obligation to "present all *relevant* arguments, defenses, and evidence during the arbitration." *Taylor, supra,* 45 P.3d at 762 (emphasis added). The division relied upon *Fisher v. State Farm Mutual Automobile Insurance Co.,* 243 Cal.App.2d 749, 52 Cal.Rptr. 721 (1966), for the proposition that, where a party fails to produce evidence at arbitration on an issue properly before the arbitrator, that party cannot subsequently seek modification if the only reason for the

erroneous award is that party's failure to produce the evidence.

Here, Farmers argues plaintiff had stipulated that any award would be subject to the policy limits and a setoff before undertaking the arbitration and also had agreed that information concerning policy limits and setoffs would not be disclosed to the arbitrator. Plaintiff disagrees with this assertion and with the arbitrator's finding that there was such a stipulation. If there were such a stipulation, the policy limits and setoff would not have been relevant or an issue properly before the arbitrator. Hence, assuming there were a stipulation, Farmers did not "fail" to produce evidence on the issue, but rather did not produce it based on its stipulation with plaintiff.

This is not inconsistent with *Taylor*. There, neither party had asserted an agreement to limit recovery to the policy limits, allow a setoff, or not disclose such information to the arbitrator. The insurer there relied only upon the insurance policy itself, which had never been introduced. We do not read *Taylor* to require assertion of policy limit and setoff defenses before the arbitrator when there is a stipulation between the parties precluding the arbitrator from considering or knowing about such issues, as Farmers asserts there is here.

■■■ This reading of *Taylor* is consistent with general principles governing arbitration proceedings. Colorado adopted the Uniform Arbitration Act to provide a uniform statutory framework for arbitration and to encourage the settlement of disputes through the arbitration process. *See generally Judd Constr. Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo.1982). The purpose of the act is to provide ground rules and procedures for enforcement of awards through the courts, but not to supersede any agreement entered into by the parties. *Water Works Employees Local No. 1045 v. Bd. of Water Works*, 44 Colo.App. 178, 615 P.2d 52 (1980).

Plaintiff nevertheless asserts that the arbitration provisions in the policy at issue here are identical to those considered in *Taylor*, and the *Taylor* division held that such policy language unambiguously requires arbitration of the insurer's obligation to the insured under the policy. Again, we disagree.

While the policy provisions are identical, the parties' arbitration agreement here stated that the "only issue remaining for determination by the arbitrator is the amount of damages to which [plaintiff] is entitled as a result of her injuries sustained, if any, in the accident." In contrast, in *Taylor*, the arbitrator was to determine "the amount of payment under this part [of the policy] as determined by this policy or any other applicable policy," which the *Taylor* division concluded required the arbitrator to determine the amount of underinsured motorist benefits actually payable by the insurer under the policy.

Because of the difference in the description of the issue the arbitrator was to consider, we view the agreement here to require the arbitrator to determine the damages plaintiff would be entitled to recover from the underinsured tortfeasor. *See, e.g., Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161 (3rd Cir.1999).

This analysis is consistent with *Kutch v. State Farm Mutual Automobile Insurance Co., supra.* Under this analysis, an insurer that has stipulated with its insured not to inform the arbitrator of policy limits or applicable setoffs and also to limit the award may still seek vacation, modification, or correction of the award from the court by asserting that the arbitrator acted in excess of his or her powers. In *Kutch*, the supreme court indicated that an uninsured motorist award in excess of policy limits may be modified by the court upon timely application on such grounds.

■■ As previously noted, plaintiff asserts there was no stipulation to limit the award to the policy limits, to apply a setoff, or to withhold such information from the arbitrator. Because we have vacated the final award in which the arbitrator found such a stipulation to exist, we cannot rely upon the arbitrator's finding. Accordingly, that issue will remain an issue of fact for the trial court to resolve upon timely application. For the same reason, we reject Farmers' assertion that we have authority, under *Kutch*, to modify the original award ourselves.

Thus, on remand, and following a timely application, the parties may present evidence to the trial court concerning the existence of a stipulation regarding policy limits, setoffs, and disclosure to the arbitrator. If the trial court finds there was no stipulation, *Taylor* controls, Farmers is precluded from raising the issue of policy limits and setoff as a ground to vacate the award, and the trial court should confirm the initial award in favor of plaintiff.

However, if the court finds that the parties had stipulated to be bound by policy limits, to apply a setoff, and not to submit those issues to the arbitrator, the court must vacate the arbitrator's initial award to the extent that it exceeds the policy limits and ignores the setoff.

Accordingly, the final award is vacated, the order denying plaintiff's motion to confirm the initial award is affirmed, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Judge TAUBMAN and Judge NIETO concur.