24CA1180 Marriage of Zunker 05-01-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1180
City and County of Denver District Court No. 11DR4141
Honorable Anita M. Schutte, Judge

---

In re the Marriage of

Derek Zunker,

Appellee,

and

Sabrina Zunker,

Appellant.

---

APPEAL DISMISSED IN PART, ORDER REVERSED,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Tow and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

---

Sherr Puttman Akins Lamb, PC, Tanya L. Akins, Denver, Colorado, for Appellee

Sabrina Zunker, Pro Se

¶ 1        In this post-dissolution of marriage proceeding, Sabrina

Zunker (mother), appeals the district court's order adopting a

magistrate's ruling that denied her request to lift limitations on her

right to record and communicate with third parties under the res

judicata doctrine.  Because res judicata doesn't apply, we reverse

the district court's order.  However, to the extent mother's appeal

challenges the initial order imposing the limitations, we dismiss it.

## I.        Background

¶ 2        Mother's three-year marriage to Derek Zunker (father) ended

in 2012.  They are the parents of one child.  Originally, the parents

shared equal parenting time.

¶ 3        In January 2017, father moved to enforce his parenting time

and requested the court to modify parenting time "in the best

interest" of the child and to appoint a parental responsibilities

evaluator (PRE).

¶ 4        Upon completion of the PRE report, the magistrate held a

hearing and awarded father sole decision-making responsibility and

modified parenting time, with father becoming the majority-time

parent (the 2017 order).  The 2017 order also imposed certain

limitations.  Due to concerns about mother video-recording the PRE

and others — and, in particular, concerns about the emotional toll of recording on the child — the 2017 order provides that "no videotaping will occur in any setting by [m]other." The order also requires mother to "refrain from engaging in communication with third parties regarding matters of this case" based on mother's history of "unnecessarily expos[ing] third parties to private and sensitive matters."

¶ 5   Mother petitioned the district court to review the 2017 order, but she did not specifically ask the district court to review the recording and communication limitations. The district court adopted the 2017 order.

¶ 6   Mother appealed the district court's order to this court, raising, among other issues, the constitutionality of the recording limitation (but not the communication limitation). A division of this court affirmed portions of the 2017 order, but it dismissed the portion of the appeal related to the recording limitation because mother had not raised it in her district court petition. *In re Marriage of Zunker*, slip op. at ¶¶ 26-27, 33 (Colo. App. No. 18CA1205, Apr. 25, 2019) (not published pursuant to C.A.R. 35(e)).

¶ 7    In late 2022, mother moved to "take back [her] right to record and provide any information that could be helpful to cooperate in any investigation." Among the attachments to the motion was an excerpt of the 2017 order. Construing the motion as one to modify the 2017 order, the magistrate denied it because mother did not cite any legal authority in support of her request. *See* § 14-10-129(1), C.R.S. 2024 (discussing motions to modify); *see also* § 14-10-132, C.R.S. 2024 (discussing requirements for motions to modify). Mother didn't petition the district court to review the magistrate's order.

¶ 8    In February 2024, mother filed a motion to "dissolve gag order and return [her] 1st Amendment and Constitutional Rights" (the 2024 motion). The 2024 motion argued that the 2017 order's recording and communication limitations are "[e]xcessively broad and violate mother's constitutionally protected rights."

¶ 9    The magistrate summarily denied the 2024 motion under the doctrine of res judicata (the 2024 order).

¶ 10    Mother petitioned the district court to review the magistrate's order. The district court agreed that mother's motion was barred by the doctrine of res judicata and adopted the magistrate's order.

¶ 11    On appeal, mother appears to challenge the 2017 order and the 2024 order.  We address each order separately.

## II.    The 2017 Order

¶ 12    Mother contends that the district court erred by (1) "ordering [her] to stop recording [and] videotaping" and (2) ordering her not to discuss the case with third parties.  These contentions appear directed at the recording and communication limitations imposed in the 2017 order.  To the extent mother is challenging these portions of the 2017 order, that attempt is untimely, and we dismiss this portion of her appeal.[1]

¶ 13    A party must file a notice of appeal within forty-nine days of the entry of the order from which the party appeals.  C.A.R. 4(a); *In re Marriage of Roth*, 2017 COA 45, ¶ 11.  "The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review." *In re Marriage of Buck*, 60 P.3d 788, 789 (Colo. App. 2002).

¶ 14    The magistrate entered the modified parenting time order in 2017.  That order put in place the recording and communication limitations.  Mother petitioned the district court to review the

---

[1] Before mother filed her opening brief, another division of this court limited her appeal to the 2024 order.

4

magistrate's order, but she didn't challenge the limitations. The district court adopted the magistrate's ruling in December 2017. Mother appealed that order to this court and the appellate mandate issued in June 2019.

¶ 15 The time to appeal the 2017 order has long expired, and we lack jurisdiction to review it. Thus, to the extent mother challenges the limitations in the 2017 order, we dismiss that portion of her appeal.

### III. The 2024 Order

¶ 16 Mother contends that the district court erred by denying her 2024 motion to "dissolve gag order and return [her] 1st Amendment and Constitutional Rights" under the doctrine of res judicata. Because we agree that the district court erred by applying the doctrine of res judicata, we reverse the 2024 order.

¶ 17 Res judicata — also known as claim preclusion — bars a party from relitigating claims in a *separate* legal proceeding that were or could have been litigated in a prior proceeding. *Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005); *see also Foster v. Plock*, 2017 CO 39, ¶ 12 (outlining elements necessary for res judicata to apply). But res judicata doesn't bar "a party's

later assertions in the *same* litigation." *In re Marriage of Mallon*, 956 P.2d 642, 645 (Colo. App. 1998); *accord In re Marriage of Tozer*, 2017 COA 151, ¶ 10.

¶ 18 Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. While we defer to the magistrate's factual findings, we review legal questions — such as whether res judicata applies — de novo. *See Foster*, ¶ 10.

¶ 19 Because mother sought to challenge the constitutionality of the recording and communication limitations imposed in the 2017 order in the same dissolution proceeding — not a separate proceeding — res judicata doesn't apply. *See Tozer*, ¶ 10. Nor was the district court barred from revisiting its own previous rulings. Indeed, a district court is well within its discretion to revisit its own rulings. *See Stockdale v. Ellsworth*, 2017 CO 109, ¶ 37. The magistrate and district court therefore erred by concluding that res

judicata barred mother's constitutional challenges to the recording and communication limitations imposed in the 2017 order.[2]

¶ 20    We recognize, as father points out, that in 2019 mother stipulated to limitations on her right to record and communicate that are separate from the 2017 order. That stipulation too was made a court order.[3] But neither the magistrate nor the district court considered that stipulation or order when it denied mother's 2024 motion. Nor does mother present any arguments about the 2019 order. The stipulation and its impact, if any, on mother's 2024 motion is therefore not properly before us, and we express no opinion on it.

---

[2] Despite references in the magistrate and district court orders suggesting that mother's constitutional claims had already been decided, we don't see anywhere in the record that any court has considered whether the recording and communication limitations pass constitutional muster. Though mother tried to appeal the recording limitation to this court, the claim was dismissed for lack of jurisdiction. *In re Marriage of Zunker*, slip op. at ¶¶ 26-27, 33 (Colo. App. No. 18CA1205, Apr. 25, 2019) (not published pursuant to C.A.R. 35(e)).

[3] In 2019, the parties specifically stipulated that they shall "not photograph or videotape each other or the respective family members of each parent" and "not involve third parties or communicate with third parties regarding matters related to this case or parenting disputes."

¶ 21    Finally, in her reply brief, mother says that her motion should have been construed as a motion to modify. To be sure, a parent may seek modification of parenting time orders under sections 14-10-129 and 14-10-132. *See In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007). But having concluded that the district court erred by applying the doctrine of res judicata, we needn't consider whether mother's motion satisfied section 14-10-132.

¶ 22    For these reasons, we reverse the district court's 2024 order.

## IV.    Appellate Attorney Fees, Costs, and Sanctions

¶ 23    Because we agree with mother that the district court erred by applying the doctrine of res judicata, we deny father's request for appellate attorney fees, costs, and sanctions.

## V.    Disposition

¶ 24    We reverse the district court's 2024 order and remand for further proceedings. We dismiss the portions of mother's appeal that challenge the 2017 order.

JUDGE TOW and JUDGE MEIRINK concur.